# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **ARGENIS SURIEL** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 21-3896** |
| **v.** | : | |
| | : | |
| **KILOLO KIJAKAZI,** | : | |
| **Acting Commissioner of Social Security** | : | |
| *Defendant* | : | |

## ORDER

**AND NOW**, this 28th day of September 2023, upon consideration of the *Report and Recommendation* issued on April 28, 2023, by the Honorable Craig M. Straw, United States Magistrate Judge, [ECF 15], the objections to the Report and Recommendation filed by Plaintiff Argenis Suriel ("Plaintiff"), [ECF 16], Defendant's response to Plaintiff's objections, [ECF 17], and after a careful and independent review of the administrative record, [ECF 6], it is hereby **ORDERED** that:

1. Plaintiff's objections are **OVERRULED**;

2. The Report and Recommendation is **APPROVED** and **ADOPTED**;

3. The decision of the Commissioner of the Social Security Administration is **AFFIRMED**; and

4. Plaintiff's complaint filed pursuant to 42 U.S.C. § 405(g) seeking judicial review is **DENIED**.[1]

---

[1] On January 15, 2020, Plaintiff filed an application for Social Security Disability and/or Supplemental Income Benefits pursuant to Titles II and XVI of the Social Security Act (the "Act"), alleging he was disabled, due to a right shoulder injury and a lumbar spine fusion, with an onset date of June 18, 2019. At the time, Plaintiff was 35 years old, with a high school degree, and worked as a truck driver. After his applications were denied, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On February 1, 2021, the ALJ issued a decision denying his request for benefits. Specifically, in the decision, the ALJ noted that he applied the five-step sequential evaluation process set forth in 20 C.F.R § 404.1520(a)(4) to evaluate whether an individual is disabled. Relying on medical opinions and Plaintiff's

symptom testimony, the ALJ determined that Plaintiff was not disabled and concluded that although he was unable to perform any past relevant work, Plaintiff had the residual functional capacity ("RFC") to engage in sedentary work as defined in 20 C.F.R. § 404.1567.  The Appeals Council denied Plaintiff's request for review and on July 19, 2021, affirmed the ALJ's decision, which became the final decision of the Commissioner (here, Defendant).

Thereafter, Plaintiff timely filed a complaint before this Court requesting judicial review of the Commissioner's decision. [ECF 1].  Specifically, Plaintiff claimed that the ALJ failed to properly evaluate the medical opinions of Dr. Ji Han, a pain specialist, and of Dr. Nitin Narkhede, a family medicine physician from Kanter Physical Medicine, and did not properly evaluate Plaintiff's subjective symptoms.  This matter was assigned to Magistrate Judge Craig M. Straw, who issued a well-reasoned twenty-five-page Report and Recommendation ("R&R") addressing Plaintiff's issues and recommending that the request for review be denied.  [ECF 15].  Thereafter, Plaintiff filed objections to the R&R, [ECF 16], offering essentially the same arguments made in his initial brief and statement of issues in support of request for review, [*see* ECF 9].

When considering objections to a magistrate judge's report and recommendation, the court must undertake a *de novo* review of the portions of the report and recommendation to which the plaintiff has objected.  *See* 28 U.S.C. § 636(b)(1); *Cont'l Cas. Co. v. Dominick D'Andrea, Inc.*, 150 F.3d 245, 250 (3d Cir. 1998).  The court "may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  Judicial review of an ALJ's decision is, however, limited in scope.  In reviewing a Commissioner's final determination that a person is not disabled and, therefore, not entitled to Social Security benefits, the court may not independently weigh the evidence or substitute its own conclusions for those reached by the ALJ.  *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002).  Instead, the court must review the administrative factual findings in order to determine whether the ALJ's findings are supported by substantial evidence.  *See* 42 U.S.C. § 405(g); *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005).  Substantial evidence constitutes that which a "reasonable mind might accept as adequate to support a conclusion."  *Rutherford*, 399 F.3d at 552.  "It is 'more than a mere scintilla but may be somewhat less than a preponderance of the evidence.'"  *Id.* (quoting *Ginsburg v. Richardson*, 436 F.2d 1146, 1148 (3d Cir. 1971)).  If the ALJ's decision is supported by substantial evidence, the court may not set it aside "even if [the court] would have decided the factual inquiry differently."  *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

Plaintiff filed objections to the Magistrate Judge's findings that supported the decision of the ALJ. [ECF 9].  In his objections, Plaintiff argues that the R&R improperly accepts the ALJ 's improper analysis of:  (1) Dr. Han's opinion, (2) Dr. Narkhede's opinion, and (3) Plaintiff's subjective symptoms.  This Court, however, disagrees.  After careful consideration of the Magistrate Judge's well-reasoned analysis, this Court finds that the Magistrate Judge thoroughly addressed each of these arguments in the R&R.  The Magistrate Judge correctly found that the ALJ appropriately exercised his discretion with respect to each of these issues, properly exercised his role as the factfinder when evaluating the medical opinions under the five-factor sequential analysis and provided a reasonable explanation for his reasoning.  As found by the Magistrate Judge, the ALJ did not substitute his lay opinion and/or impressions for those of the physicians and disregard the medical opinions, as Plaintiff contends.  The Magistrate Judge also correctly found that the ALJ appropriately evaluated Plaintiff's subjective symptoms with the two-step process that determines the existence of underlying medical impairment and the extent to which it limits Plaintiff's functioning.  As such, this Court finds that the Magistrate Judge did not commit error in the analysis provided in the R&R and, therefore, Plaintiff's objections are without merit.

BY THE COURT:

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

In sum, this Court agrees with and finds that the Magistrate Judge correctly addressed the underlying issues presented by the objections. A review of the administrative record makes clear that the ALJ considered all relevant evidence and opinions. The factual findings made by the ALJ are supported by substantial evidence of record and are within the providence of the ALJ. This Court, therefore, concludes that the Magistrate Judge did not commit error in the R&R or in the analysis provided. Accordingly, the objections are overruled, and the R&R is approved and adopted.